IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

RECEIVED
2006 AUG 10 P 3: 42
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| JOHN DEREK WILLIAMS<br><br>Plaintiff,<br><br>VS.<br><br>BLUECROSS BLUESHIELD OF<br>ALABAMA and<br>NEW HORIZONS CHURCH<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* CIVIL ACTION NO.: 2:06CV716 WKW |

## COMPLAINT

Comes not the Plaintiff and submits his Complaint as follows:

## JURIDSDICTION

This action is brought pursuant to the Employee Retirement Security Act (hereinafter called E.R.I.S.A.) 29 U.S.C. Section 1001 et. Seq.

## VENUE

The Middle District of Alabama is the proper Venue for this action as the Plaintiff resides in the Middle District of Alabama, the Defendant New Horizons Church employed the Plaintiff John Derek Williams within the Middle District of Alabama, the deductions from his payroll were made there and Blue Cross Blue Shield of Alabama does business with in the Middle District of Alabama. The Middle District of Alabama is the judicial district where a substantial part of the events and omissions giving rise to this claim occurred. 28 U.S.C. § 1391.

## THE PARTIES

1. The Plaintiff John D. Williams is a resident of Coffee County, Alabama and is over the age of 19 years.

2. The Defendant Blue Cross Blue Shield of Alabama is an Alabama Corporation doing business within the Middle District of Alabama.

3. The Defendant New Horizons Church is a Prattville Alabama church Chartered in the State of Alabama operating within the Middle District of

Alabama.

## FACTS

1. The plaintiff was employed by New Horizon Church in Prattville Alabama and through that employment he was provided the benefit of a health insurance policy through Blue Cross Blue Shield.

2. At the end of July 2004 the Plaintiff left the employment of New Horizon Church and understood that his insurance coverage was paid in advance giving him 30 days of coverage.

3. On August 11th of 2004, while working with a presidential political campaign in Las Vegas Nevada, the Plaintiff experienced chest pains and other symptoms of a heart attack. Paramedics were called and they suggested he be taken to the hospital by ambulance for tests.

4. Even though it was less than 30 days the Plaintiff called the defendant Blue Cross Blue Shield of Alabama to verify that he had health insurance before going to the hospital.

5. Blue Cross Blue Shield of Alabama verified that he did have insurance coverage. The Plaintiff relied upon the statement from Blue Cross Blue Shield of Alabama and went to the hospital for tests.

6. The Plaintiff incurred medical bills in excess of $40,000.00 and Blue Cross Blue Shield of Alabama began to pay the medical service providers and did so into the month of September.

7. Blue Cross Blue Shield of Alabama then advised that New Horizon Church had cancelled his coverage "back to the first of August" and they were seeking reimbursement from the medical service providers even though they had advised the Plaintiff that he had coverage and paid claims.

8. Blue Cross Blue Shield did not advise the Plaintiff that his coverage was in anyway conditional or that New Horizon Church could after his treatment then come back and cancel coverage by "back dating" the cancellation.

## COUNT ONE
### E.R.I.S.A

1. The Plaintiffs incorporate by reference paragraphs 1- 8 above as if fully set out herein.

2. The Defendants New Horizon Church and Blue Cross Blue Shield of Alabama issued to the Plaintiff John Derek Williams a policy of group health insurance, and the Plaintiff John Derek Williams was a participant of that insurance plan.

3. Said policy was an employee benefit plan that is regulated by the Employees Retirement Income Security Act (hereinafter called "E.R.IS.A.") (29 U.S.C. §1001 et seq)

4. This action seeks to recover benefits due to Plaintiff under the terms of said policy or plan and seeks to enforce Plaintiff's rights under the terms of said policy or plan.

5. This court has jurisdiction over this action pursuant to 29 U.S.C. §1132(e).

6. On or about the 11th day of August 2004, Plaintiff John Derek Williams filed a claim with the insurance company seeking benefits under said policy or plan. At first the benefits were provided but then were receded and the benefits then were wrongfully denied.

WHEREFORE, the Plaintiff seeks a judgment against the Defendants in the sum of all the claims for past benefits wrongfully withheld from the Plaintiff by the defendants and for a judgment against the Defendants ordering the Defendants to pay the claims of the Plaintiff.

## ATTORNEY'S FEES

1. The Plaintiff incorporates by reference paragraphs 1 – 13 above as if fully set out herein.

2. The Plaintiff also seeks an award of attorney's fees pursuant to 29 U.S.C. §1132(g) and for such other, further and different relief as may be just and proper.

Respectfully submitted on this the 10TH day of August, 2006.

_____
J. BERNARD BRANNAN, JR. (BRA022)
Attorney for the Plaintiff

OF COUNSEL:
THE BRANNAN LAW FIRM, P.C.
602 South Hull Street
Montgomery, Alabama 36104
(334) 264-8118