IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN DEREK WILLIAMS,                  )<br>)<br>   Plaintiff,                              )<br>)<br>v.                                           )<br>)<br>BLUE CROSS AND BLUE SHIELD OF )<br>ALABAMA and NEW HORIZONS    )<br>CHURCH,                                  )<br>)<br>   Defendants.                          ) | CIVIL ACTION NO.<br>2:06CV716 |

## ANSWER

Defendant Blue Cross and Blue Shield of Alabama ("Blue Cross") responds to plaintiff's Complaint as follows:

## JURISDICTION

Blue Cross admits that plaintiff brings this action under ERISA, 29 U.S.C. §§1001 et seq. and, further, alleges upon information and belief that this Court has jurisdiction pursuant to 29 U.S.C. §1132(e)(1).

## VENUE

Answering the allegations regarding venue, Blue Cross admits, upon information and belief, that venue is appropriate in this Court pursuant to 29 U.S.C. §1132(e)(2).

## PARTIES

1. Upon information and belief, admitted.

2. Answering the allegations of paragraph 2, Blue Cross states that it is an Alabama not for profit corporation and that it participated in the administration of the plan under which plaintiff was covered within the Middle District of Alabama.

## FACTS

1. Answering the allegations of Facts number 1, Blue Cross admits that New Horizon Church in Prattville, Alabama sponsored a group health benefits plan for the benefit of its employees and their dependents (the "New Horizon Plan") and further that, at times pertinent hereto, plaintiff was a covered participant under the Plan.

2. Answering the allegations of Facts paragraph 2, Blue Cross admits that plaintiff called Blue Cross on July 20, 2004 to advise that he had left his employment and inquired when his coverage would end. Blue Cross further admits that, in response to this question, the Blue Cross representative advised plaintiff that because New Horizons would advise Blue Cross of the date plaintiff's coverage would be cancelled, he should contact New Horizons for that information. Blue Cross denied that it made any statement to plaintiff regarding whether his insurance coverage was paid in advance or whether it was paid up for any period of time. Any allegation of Facts paragraph 2 inconsistent with the foregoing is denied.

3. Answering the allegations of Facts paragraph 3, Blue Cross admits that it received claims for medical services rendered to plaintiff in Nevada August 11 - 18, 2004. Blue Cross lacks sufficient information to form a belief as to the truth of the remaining allegations of Facts paragraph 3 and, therefore, denies same.

4. Answering the allegations of Facts paragraph 4, Blue Cross admits that on August 11, 2004, plaintiff called Blue Cross to inquire whether his coverage under the New Horizon Plan was still in effect. Blue Cross admits that its representative advised plaintiff that according

to the information showing at that time on Blue Cross's computer system, the coverage was still in force and that Blue Cross did not have any information from New Horizons as to when it would be cancelled. During this call, Blue Cross's representative reminded plaintiff that New Horizons determined the cancellation date and suggested that he contact New Horizons for that information. Any allegation of Facts paragraph 4 inconsistent with the foregoing is denied.

5.     Answering the allegations of Facts paragraph 5, Blue Cross incorporates its response to Facts paragraph 4   Further, Blue Cross admits that, according to the claims submitted to it, plaintiff was admitted to a hospital for emergency medical treatment on August 11, 2004. Blue Cross denies that plaintiff relied upon any statement by Blue Cross in making the decision whether to seek emergency treatment, or that any such representation caused plaintiff to seek such treatment. Any allegation of Facts paragraph 5 inconsistent with the foregoing is denied.

6.     Answering the allegations of Facts paragraph 6, Blue Cross lacks sufficient information to form a belief as to the truth of the amount of medical bills plaintiff incurred and, therefore, denies same. Blue Cross admits that the claims referenced in paragraph 3 above totaled $37,463.75 in billed charges. Blue Cross admits that it paid all of the claims submitted to it prior to September 8, 2004, to the extent permitted by the New Horizons Plan. Any allegation of Facts paragraph 6 inconsistent with the foregoing is denied.

7.     Answering the allegations of Fact paragraph 7, Blue Cross admits that plaintiff again called Blue Cross on September 7, 2004 to ask whether his New Horizons coverage was still active. Blue Cross's representative advised plaintiff that according to the information available on its computer at that time, the coverage was active but that the group could cancel the coverage at any time. Blue Cross further admits that on September 8, 2004 Blue Cross received

instructions from New Horizon to cancel plaintiff's coverage under the New Horizons Plan effective August 1, 2004. Blue Cross further admits that on September 17, 2004, plaintiff called again to ask whether his New Horizons coverage had been cancelled. Blue Cross's representative advised that his coverage had been cancelled by New Horizon the previous week effective August 1, 2004. Blue Cross denies that it advised plaintiff during this or any previous call that refunds of claims payments made on his behalf were being sought. Blue Cross admits that it did advise one or more plaintiff's health care providers that refunds would be sought of previously paid claims due to be retroactive cancellation of plaintiff's coverage by New Horizons. Any allegation of Facts paragraph 7 inconsistent with the foregoing is denied.

8.  Blue Cross denies the allegations of Facts paragraph 8. Blue Cross avers that the summary plan description for the New Horizons Plan advised of all conditions of coverage. Further Blue Cross avers that it specifically advised plaintiff that his coverage cancellation date would be determined by New Horizons and that cancellation could be retroactive. Any allegation of Facts paragraph 8 inconsistent with the foregoing is denied.

## COUNT ONE

1.  Blue Cross incorporates its responses to all previous paragraphs.

2.  Blue Cross denies the allegations of Count One, Paragraph 2 as alleged. Blue Cross admits that it issued a group health benefit insurance contract to New Horizons Church and that plaintiff was at one time a participant in that Plan. Blue Cross denies that it issued a policy of insurance to plaintiff.

3.  Upon information and belief, admitted.

4.  Upon information and belief, admitted.

5.  Upon information and belief, admitted.

6. Answering the allegations of Count One paragraph 6, Blue Cross denies that the plaintiff filed any claims with Blue Cross for benefits under the policy on or about August 11, 2004. Blue Cross avers that it did receive claims from plaintiff's healthcare providers, all of which it paid. Following a subsequent instruction by New Horizons to cancel plaintiff's coverage effective August 1, 2004, Blue Cross requested refunds on all of the claims it paid. Blue Cross denies that the refund requests were wrongful. Blue Cross further avers that failure to request the refunds would constitute a violation of the terms of the New Horizon Plan.

## ATTORNEYS' FEES

1. Blue Cross incorporates its responses to all previous paragraphs.

2. Blue Cross admits that plaintiff seeks an award of attorneys' fees under ERISA but denies that an award of fees against Blue Cross would be proper in these circumstances.

## FIRST AFFIRMATIVE DEFENSE

Blue Cross pleads that plaintiff failed to exhaust mandatory administrative remedies available under the New Horizon Plan.

## SECOND AFFIRMATIVE DEFENSE

Payment of the claims, if ordered by the Court, would violate the terms of New Horizon Plan.

## THIRD AFFIRMATIVE DEFENSE

Blue Cross avers that the damages suffered by plaintiff, if any, were caused by a supervening, efficient cause and not the conduct of Blue Cross.

## FOURTH AFFIRMATIVE DEFENSE

Blue Cross pleads non-payment of premiums by New Horizons required to keep plaintiff's coverage in force beyond August 1, 2004 and, therefore, failure of condition precedent to coverage.

s/ Cavender C. Kimble
One of the Attorneys for Blue Cross and Blue Shield of Alabama

**OF COUNSEL:**

BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 488-5860
E-mail: ckimble@balch.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following this the 5th day of September, 2006:

J. Bernard Brannan, Jr.
The Brannan Law Firm, P.C.
602 South Hull Street
Montgomery, Alabama 36104

E. Ham Wilson, Jr.
Ball, Ball, Mathews & Novak, P.A.
Post Office Box 2148
Montgomery, AL 36102-2148

/s/Cavender C. Kimble
OF COUNSEL